UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

RICHARD MORRISON          :
                          :         PRISONER
     v.                   :    Case No. 3:07cv1459(AWT)
                          :
ROBERT BERGER, et al.     :

INITIAL REVIEW ORDER

Plaintiff Richard Morrison is confined at Whiting Forensic Division of the Connecticut Valley Hospital following his acquittal of criminal charges by reason of mental disease or defect. Acting pro se, he has filed a complaint under 42 U.S.C. § 1983 (2000).

Under 28 U.S.C. § 1915A (2000), the court must review prisoner civil complaints against governmental actors "as soon as practicable after docketing," and dismiss any portion of the complaint that "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or that "seeks monetary relief from a defendant who is immune from such relief." Id.

Under the Federal Rules of Civil Procedure and Second Circuit precedent, a pro se complaint is adequately pled if its allegations, liberally construed, could "conceivably give rise to a viable claim." Phillips v. Girdich, 408 F.3d 124, 130 (2d Cir. 2005). The court must assume the truth of the allegations, and interpret them liberally to raise the strongest arguments they suggest. Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007). Although detailed allegations are not required, the complaint

must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief. See Bell Atlantic v. Twombley, ___ U.S. ___, 127 S. Ct. 1955, 1964-65 (2007). Conclusory allegations are not sufficient. The plaintiff must "amplify a claim with some factual allegations in those contexts where such amplification is needed to render a claim plausible." Iqbal v. Hasty, 490 F.3d 143, 157-58 (2d Cir. 2007).

The plaintiff asserts a Fourteenth Amendment claim of denial of due process in connection with the determination of the defendants, members of the Connecticut Psychiatric Security Review Board, that he be confined under conditions of maximum security. He names as defendants the members of the Board in their official capacities only.

**Orders**

In accordance with the foregoing analysis, the court enters the following orders:

(1) This case shall proceed on the due process claim against defendants Berger, Cancela, Ryan and Schechter in their official capacities only. No other claim or defendant shall be included in the case, except on a motion to amend filed in compliance with Federal Rule of Civil Procedure 15.

(2) Because the plaintiff paid the filing fee to commence this action, he is not entitled to have service effected by the

2

court. The plaintiff is directed to effect service of the complaint and a copy of this order on the defendants in their official capacities in accordance with Rule 4, Fed. R. Civ. P. Service must be made on or before **January 28, 2008.** The plaintiff shall file completed returns of service for each defendant on or before **February 4, 2008.** If the court has not received a completed return of service demonstrating proper service on any defendant, all claims against that defendant will be dismissed on that date.

(3) **The Pro Se Prisoner Litigation Office shall** send a copy of this order to the plaintiff.

(4) **The Defendants shall** file their response to the complaint, either an answer or motion to dismiss, within **twenty (20)** days from the date of service. If the defendants choose to file an answer, they shall admit or deny the allegations and respond to the cognizable claims recited above. They may also include any and all additional defenses permitted by the Federal Rules.

It is so ordered.

Dated at Hartford, Connecticut this 8th day of November 2007.

/s/
Alvin W. Thompson
United States District Judge